AO 241
(Rev. 10/07)

FILED
Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: Northern District of California | |
|---|---|---|
| Name (under which you were convicted): <br><br> Sammy Sulufaiga Pea | | Docket or Case No.: |
| Place of Confinement : <br> Chuckawalla Valley State Prison <br> Willeys Well Road P.O.Box 2349 Blythe, CA  92226 | Prisoner No.: <br><br> F38943 | |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| Sammy Sulufaiga Pea <br> v. | John F. Salazar, Warden <br> Chuckawalla Valley State Prison | |
| The Attorney General of the State of  Califronia | | |

CV 08  2808

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Santa Clara County Superior Court
    190 West Hedding St.
    San Jose, CA  95110

    (b) Criminal docket or case number (if you know):     CC440908

2.  (a) Date of the judgment of conviction (if you know):  5/26/2006

    (b) Date of sentencing:     8/26/2006

3.  Length of sentence:     3 years in Prison and 5 years Parole

4.  In this case, were you convicted on more than one count or of more than one crime?     ☑ Yes     ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Three counts of incest ()Pen.Code 285)
    One Count of Rape (261, sub (a)(2)

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty          ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

I did not enter a guilty plea on all charges. The rape case was a hung jury. I was told that it would be very costly to have another trial by jury. I was hoping for a jury trial. But I was told that punishment will be lighter if I enter into a plea bargain for lighter punishment. I did not know what are the consequences of plea bargain. I was in great confusion at that time because I was encarcerated just right after I was convicted of the incest charges. It was the darkest moment of my life.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only (The first trial was jury trial. The retrial was a judge only )

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Caifornia 6th District Appellate Court

(b) Docket or case number (if you know):    H030507

(c) Result:    Conviction affirmed. See (9) (a)

(d) Date of result (if you know):    8/30/2007

(e) Citation to the case (if you know):

(f) Grounds raised:

1.The court committed prejudicial error in refusing to entertain my preemptory challenge.

2.The conviction of rape and on count of incest are barred by the statute of limitations.

3. The court erred in refusing to impeach me with the contents of a letter from Fiona's boyfriend in Samoa.

4. The evidence is insufficient to support the incest conviction.

5. The imposition of the court security fee violates prohibitions against ex post facto and retroactive application of statutes.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    California Supreme Court

(2) Docket or case number (if you know):    S156929

(3) Result:
    The petition for review was denied.  See9(e)(1)

(4) Date of result (if you know):    11/30/2007

AO 241
(Rev. 10/07)

Page 4

    (5) Citation to the case (if you know):

    (6) Grounds raised:
        Same as 9(f) above.

    (h) Did you file a petition for certiorari in the United States Supreme Court?    □ Yes   ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:
        I did not file a petition for ceretiorari in the United States yet but I am intending to file one. I
        wish to exhaust all remedies to clear my case.

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

    concerning this judgment of conviction in any state court?    □ Yes   ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:    I was not aware that I could file one in any state courts.

        (5) Grounds raised:
            I relied on my trial counsels and my appellate lawyer to help me raise all the grounds. I got
            stuck in the prison knowing not what to do next about my case. Since I am in prison, it was
            difficult to discuss all the issues and grounds for my appeal.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        □ Yes   ☑ No

        (7) Result:    If I knew about this I should have filed earlier

        (8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

        I relied on my appellate lawyer to raise all the grounds for appeal. I did not know that I could file a second pettion

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐   Yes     ☑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

        I relied on my appellate lawyer regarding grounds raised on the appeal. I have no clue of filing any third petition, application, or motion.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes    ❒  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ❒  Yes      ❒  No

(2) Second petition:   ❒  Yes      ❒  No

(3) Third petition:     ❒  Yes      ❒  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
       laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
       supporting each ground.

       CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
       remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
       grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:A**
Rape is a false accusation. Violation under Cal Pen Code 261 never happened. Defendan was denied fair trial
and due process of law when the court committed prejudicial list of accusations that never happened and no
reliable evidence. The court erred in giving credibility to the plaintiff for her inconsistencies and untruthfulness.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

 Defendant and plaintiff started relationship on the fall of 1997 and ended on December 1999. Plaintiff could go
to defendant's office whenever she wanted to. She got her own key and could access the office any time. She
got a job and stayed with friends. Aside from having boyfriend in Samoa, she met boyfriends while attending Hig
School. She introduced one of her boyfriend name D. Hatch in 2000 to defendant. She met another boyfriend
named R. Shiels now her husband in December of 2002. She claimed that our relationship lasted for seven
years which is not true.
 Defendant refused to help her for her wedding expense as she did not respect him during a dinner with her
boyfriends family in July of 2003. Few months later she had miscarriage from the pregnancy with her boyfriend
and she blamed the miscarriage from the previous abortion she had. Plaintiff was afraid that her boyfriend
would leave her if he would found out about the the relation with defendant. The boyfriend told her to tell the
police that she was raped. Plaintiff was hesitant as this was not real. Boyfriend went ahead reported  rape to
the police. Defendant  was interrogated and was arrested later. I believe the motive for filing rape was
to claim money. The rape case was a hung jury. I was made to enter a plea bargain for  less charges.
(b) If you did not exhaust your state remedies on Ground One, explain why:

 This ground was incorporated with the Califronia Court of Appeal and Supreme Court but it was denied.

(c)    **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☐ Yes    ☑ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   I relied on my trial counsel for advice. After the trial I did not hear from him. I also relied upon my appellate lawyer to take care of all my remedies. All grounds he brought up were denied. I was not fully informed of all the grounds he raised. I wrote letters but I think they were not taken cared of.

   (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

   (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   I was in prison and did not know about other remedies about my case. I was not informed

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☐ Yes    ☑ No

(2) Second petition:    ☐ Yes    ☑ No

(3) Third petition:    ☐ Yes    ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

As mentioned above, I relied upon my applellate lawyer regarding my appeal and

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** B
My Miranda Rights was violated. I believe that I was not informed of my Rights by the police officer who interrogated me. I don't remember him reading or stating me of that right. (See 12A)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I do believe that during my interview with the police officer, he had failed to inform me of my Miranda Rights. Please see copy of the first page of transcript, identified with letter (A). I did not hear him asking me if I wanted an Atttorney first before I answer any of his question.

He did not tell me that I have a right to come in his office or not. The reason why I went to see him was because he called me approximately 3 or 4 times asking me to come in his office without informing me that I have a choice to see an attorney or not.

The conviction upon me was solely based on the interview from the police officer. He did not inform me that I could remain silent or have the right to have an attorney.

(b) If you did not exhaust your state remedies on Ground One, explain why:

I retained a counsel to file an appeal. My state remedies to file an appeal were exhausted.

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

My state remedies were already exhausted when I learned that my Miranda Rights were violated.
I believe that I was denied the due process of law for ineffective assistance or representation by my
counsel or appellate lawyer.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:
None

Docket or case number (if you know):    None

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

My state remedies were already exhausted when I learned that my Miranda Rights were violated.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

My state remedies were already exhausted when I learned that my Miranda Rights were violated.
I relied upon my counsels for my appeal. I believe I was denied undue process of law because my
Miranda Rights were violated and due to the ineffective assitance to lawyers I retained.

AO 241    Page 8/4
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

I did not have any information about other remedies. I was stuck in prison until my wife sent me about Habeas
Corpus.

## GROUND TWO:/

The Court erred in refusing to impeach me with the contents of a letter from plaintiff's boyfriend in Samoa.
Copy of the letter will be provided upon request.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

This is one of the letters of plaintiff's boyfriend back in Samoa that was not shown to the jury. It was written in
Samoa. Different interpretations were made that it wen to the credibility of the plaintiff. This was vital and
crucial defense evidence but was not presented to the jury. This could have a great impact on the juries'
decision.

(b) If you did not exhaust your state remedies on Ground Two, explain why:
This was raised with the California Supreme Court but it was denied.

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 10/07)

Page 8 

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

> The access to the prison library as well as resources was very limited and I was not aware of all the available remedies, petitions and motions. I relied on my appellate lawyers to help me in my appeals, motions and other available remedies.

### GROUND TWO: *8*

> The real motive of this lawsuit was money to pay for a grand-wedding expenses that we discussed earlier. When I refused to pay all of her wedding plans, that's when and how she filed a complain with the Labor Department. This was another crucial evidence excluded during the trial, a violation of due process of law.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

> During the summer of 2003, Fiona Shiels (formerly Fiona Tonumaipea) invited my family to discuss her wedding plans. The dinner ended without good terms. Later on I refused to pay all of her wedding plan expenses. That's when she threatened to sue me. First, she filed a complaint with the Labor Dept. per State case # 12-57006 but it was denied as her claim was invalid. Her boyfriend also filed a lawsuit against me for rape as well as civil damages and claims a large sum of money. Plaintiff claims for medical expenses without sufficient documents.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

> My state remedies were exhausted when I learned about this writ of Habeas Corpus.

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes    ☑  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

> I am in prison and I relied on my appellate lawyer for all of my appeals. In my understanding this was supposed to have been raised in the my appeal.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes    ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☑ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☑ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two


**GROUND THREE:** (B)
The evidence is insufficient to support the incest conviction

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The plaintiff came to stay for the first time with defendant just few weeks before the age of eighteen. She was petitioned as a daughter but neither DNA test nor Birth Certificate was presented as evidence of biological relation.

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☑ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I am in prison and I did not know what are my remedies. I relied on my appellate lawyer I retained to raise all the grounds availabe for my relief.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two
Same as (7) above.

AO 241
(Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes       ☐   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:       ☐   Yes       ☐   No

(2) Second petition:    ☐   Yes       ☐   No

(3) Third petition:      ☐   Yes       ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
       laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
       supporting each ground.

       CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
       remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
       grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
My two minor children's visiting rights denied by CVSP(Chuckawallay Valley State Prison)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My Children Daryl M.Pea, 16 years old and Louie Pea , 11 years old wanted to visit and see me.  The both
missed me.  We have not seen each other since May of 2006.

(b) If you did not exhaust your state remedies on Ground One, explain why:

The appeal was already filed when the the visitation was rejected.

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
The appeal was already filed when the visitation was denied

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    I filed an appeal with the prison (form 602)    but I got no response.

Name and location of the court where the motion or petition was filed:
I was not sure. It was filed in the Chuckawalla Valley State Prison

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
I did not get any response until now

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
I never get got any response. I am almost done with my term and I have not seen my children since I
was in prison.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
I filed an appeal under form 602 but I never got any response.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

I tried to appeal again but I am still waiting for any outcome.

**GROUND TWO:** C

My parole date is 11/27/08 does not include a credit for the twenty days that I was incarcerated twice earlier for the same charges.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was arrested twice for the same office and I kept bailing my self out until after the judge only trial.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

I am in prison. I could not do anything.

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

I was in prison and Applellate lawyer did not contact me.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 10/07)

Page 9 C

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?            ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
       have used to exhaust your state remedies on Ground Two

**GROUND THREE:** C
Parole: My Parole is set for five years. Why do I have 5 years of parole when I am doing my time in prison.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The plea bargain was entered into for number of years in prison. Five years parole is still being a prisonerand
contradicts the plea bargain.

(b) If you did not exhaust your state remedies on Ground Three, explain why?
Primary reason that I filed an appeal was for rape conviction. I don't understand why it was denied. My state remedies were exhausted.

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:
same as (b)

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐  Yes    ☐  No

(4) Did you appeal from the denial of your motion or petition?    ☐  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
The primary reason that defendant filed for an appeal is the rape conviction. I was disappointed that it was denied.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:
Defendant is not aware of other remedies. All he knows are that petitions with the California Supreme Court was not granted

## GROUND FOUR:

Defendant was denied due process of law for ineffective assistance of counsel and for excluding highly relevant defense evidence and insufficient evidence for all the accusations..

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Counsel failed to present the letter from the Dept. of Labor denying palintiff claim for unclaim wages. This letter also reflects the plaintiff's inconsistent statements and untruthfulness. Plaintiff indicated that her relation ship with defendat was two years. During the trial she changed it to seven years. Counsel apologized for this error after defendant was already convicted.
2. Counsel did not guide defendant properly before, during and after the trial about my case.
3. Appellate counsel failed to  raise all the grounds for my appeal
4.  There was no proof of medical expenses for the abuse inflicted upon the plaintiff. Plaintiff provided  a made up medical certificate dated in 2006 which is way far from the time of alleged abuse. Copies will be provided upon request.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

The above grounds were incorporated in the appeal. Ny state remedies were exhausted.

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes      ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes      ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

I did not know about other remedies about my case.  I had poor memory since I was erronesly convicted.

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☑ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

I was shocked and did not know what are the remedies for my case.  I relied everything from my counsels who was suppose to guide me.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I relied on my trial and appellate counsels for all my remedies.  I was disappointed that they did not advise me about my remedies.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

All I know is that appeal was filed with the 6th District of California Court of Appeal and Ca Supreme Court. I relied on my lawyers. The problem is I did not personally talk to them. They just raised grounds based on the information they read but they did not personally asked me about all my concerns.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
The primary reason I filed for the appeal is the rape conviction. I was disappointed that it was denied.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

I did not know what other remedies All I know was that my petitions with the California Supreme Court
was not granted.

**GROUND FOUR:** ALSO INEFFECTIVE ASSISTANCE OF COUNSEL

Insufficient evidence. Inconsistent and unfounded testimonies. I was denied due process of law for excluding
highly relevant defense evidence and ineffective assitance from my counsels and appellate lawyers.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. The only evidence brought to trial was the pretext calls initiated by the Santa Clara Police Department.
2. The letter from Fiona's boyfriend was not presented to the jury by motion in limime. I beleive this was very
relevant to my case.
3. My counsel failed to present the letter from the Labor Department denying Fiona's claim for wages that she
was not entitled to. Counsel apologized later at the judge trial. This was not presented to the jury.
4. Fiona indicated our relatioship lasted for two years. She later said it lasted for seven years.
5. She said I would kill her.
6. That we hid her letters from her family from Samoa.
7. She was afraid of me but did not stop coming to my office.
8. That I was hiding her immigration papers.
9. Had medical expense because of abuse.
10. No evidence of blood relations(DNA)

(b) If you did not exhaust your state remedies on Ground Four, explain why:

The above grounds were all incorporated in the appeal.  My state remedies were exhausted.

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☑ Yes       ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes       ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Notice of Appeal

Name and location of the court where the motion or petition was filed:
California Appellate Court 6th Appellate Distirct

Docket or case number (if you know):    H030507

Date of the court's decision:    8/30/2007

Result (attach a copy of the court's opinion or order, if available):
The judgment is affirmed  See 9(a)

(3) Did you receive a hearing on your motion or petition?                                    ☐  Yes    ☑  No

(4) Did you appeal from the denial of your motion or petition?                          ☑  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
California Supreme Court

Docket or case number (if you know):    S156929

Date of the court's decision:    11/28/2007

Result (attach a copy of the court's opinion or order, if available):
It was denied  See 9(e)(1)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

I did not know what other remedies I have. I was getting hopeless. I relied upon my appellate lawyer for
remedies.

AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:
1. Ground One - Miranda Rights. My attorney Mark Arnold had never brought  up and I had never thought of it until I am in prison.
2. Ground Two. I asked my Attorney Mark Arnold about Fiona's Labor Dept. letter at the Jury Trial and he told me that it was not relevant to my case. But then he just brought it to the judge later when the conviction was already made up during the judge only case. Atty. Arnold later apologized for not presenting the above issue at the jury trial.

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

ground or grounds have not been presented, and state your reasons for not presenting them:
Yes. All of the issues raised has not been presented in some state or federal court. Some grounds were presented only to the Califroina Court of Appeals and Ca Supreme Court.  I believe the grounds were not properly or effectively presented during the appeal. It appears the way the grounds were presented were not compelling to grant relief. It is very disapponting.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.
I intend to file a writ of certiorari.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☑ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

Santa Clara County Superior Court Civil  Division 191 N. First  St. San Jose,  CA   95113 Civil Case # 1-05-CV 050192 Civil Case
Court of Appeal of the State of California  333 W. Santa Clara Street.  Ste.  1060 San Jose,  CA  95113   H030507 - Appeal on the judgment on the Civil Case.
United States Bankruptcy Court North District of Claiforia of SJ Division  Case # 07-51725-ASW Chapter 7 Bankruptcy.

AO 241
(Rev. 10/07)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

Mark Arnold, Attorney at Law Arnold and Barma Law Firm 45 East Julian Street SJ  CA  95112
Phone #(408)286-6320

(b) At arraignment and plea:

Mark Arnold, Attorney at Law Arnold and Barma Law Firm 45 East Julian Street SJ  CA  95112
Phone #(408)286-6320

(c) At trial:

Mark Arnold, Attorney at Law Arnold and Barma Law Firm 45 East Julian Street SJ  CA  95112
Phone #(408)286-6320

(d) At sentencing:

Mark Arnold, Attorney at Law Arnold and Barma Law Firm 45 East Julian Street SJ  CA  95112
Phone #(408)286-6320

(e) On appeal:

R. Charles Johnson Attorney at Law  P.O. Bo  751138 Petaluma, CA  94975-1138

(f) In any post-conviction proceeding:

Civil Trial (Case# 1-05-CV050726) - Robert David Baker 1611 The Alameda  San Jose, CA  95126
Phone # (408) 292-8555; Case No.  07-51725 ASW  Chapter 7  - Richard Hilovsky

(g) On appeal from any ruling against you in a post-conviction proceeding:

Civil Case Appeal  H032415 - Pro Per

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes        ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes        ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I could not get any legal help here in Chuckawalla Valley State Prison. The Library hardly opened and when its opened, it opens two days a week for one and a half hour in the morning and one and half hour at noon. In most cases, it rarely opens. The legal Dept. has three computers, but has only an outdated database in it. I can not have an access to the internet nor able to search anything about Habeas Corpus or appeals. Now, they just have books that I can read about the above issues. I wished that they had these books when I first arrived here. But I can only be able to read it when I can get in the Legal Library Dept. Most of the time, I can not due to over-crowded and or shut down.

Most of the research that I now have and gain a little bit of knwledge from is from books (legal books) that I can borrow from other inmates.

I also have a problem with the mail department of Chuckawalla Valley Prison. It opens only from Monday to Thursday. And also I can not mail this directly to the court. I need a check payable to the court, but the prison won't allow me to mail it with a check payable to the court. So I have to mail these back to my wife for her to make a check payable to the court with it.

It is also very hard to see a counselor here in the prison. I submitted a request to see a counselor in various occassions but I never been able to see them. It's now about a week ago since I had sent a request ( written request) to see an available counselor to give me a certificate or confirmation of my trust-account balance with a withdrawal for a check to pay with my Habeas Corpus but there's still no response.

That is why I am mailing all these back to my wife for her to do it. Life is a nightmare here in prison!

I am hoping for your kind consideration regarding my case.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

✎AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
The judgement of conviction be reversed.


or any other relief to which petitioner may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on     *5-29-08*     (month, date, year).


Executed (signed) on     *5/28/08*     (date).


_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

12 - #A

PEOPLE VS. SAMMY PEA
DOCKET NO.: CC440908
SANTA CLARA POLICE DEPARTMENT
INTERVIEW OF SAMMY PEA
BY OFFICER MORENO

1   OFCR. MORENO    _(inaudible) up the phone Sammy. Um, this is an

2                   investigation for sexual assault. Your name came

3                   up, so I called you in for an interview. I just

4                   want you to know you're not under arrest, okay.

5                   You're here on your own free will to answer my

6                   questions. You can leave at any time. You don't

7                   have to answer questions for you don't want to.

8                   Do you understand?

9

10  S. PEA          (no audible response)

11  OFCR. MORENO    Okay.

12                  (Interview commences)

13  OFCR. MORENO    Um, let me start -- what's your full name, Sammy?

14  S. PEA          Sam Tonumai Pea.

15  OFCR. MORENO    How do you spell that?

16  S. PEA          T-O-N-U-M-A-I.

17

18  OFCR. MORENO    M-A-I.

19  S. PEA          P-E-A.

20  OFCR. MORENO    P-E-A. What's your birth date, Sam?

21  S. PEA          Uh, 3-17-0 -- 3-17-52.

22  OFCR. MORENO    So, how old are you?

23  S. PEA          51.

24

25  OFCR. MORENO    And what's you home address?

26  S. PEA          207 Harrison Avenue.

R. CHARLES JOHNSON
ATTORNEY AT LAW
P.O. BOX 751138
PETALUMA, CA 94975-1138

(707) 763-7783

September 4, 2007

Mr. Sam Pea
F-38943  A-1203-L
P. O. Box 2349
Blythe, CA 92226

> Re:    *People v. Pea*
>       Court of Appeal No. H030507

Dear Mr. Pea,

I am sorry to have to inform you that the Court of Appeal has disagreed with all of the arguments raised in the briefs that I have filed, and has upheld Mr. Pea's convictions and sentence. I am sending a copy of the court's written decision along with the copy of this letter going to Ms. Pea.

You now have two possible courses of action. The first is to petition for a rehearing in the Court of Appeal. It is my opinion that a petition for rehearing in this case would not be warranted. Rehearings are very rare, and they are usually denied unless the court has failed to address an issue raised in the appeal briefs or has misstated the law. In your appeal the court has addressed all of the issues. Although I disagree with some of their conclusions they have not misstated the law, they have only disagreed with me in areas where the law is not entirely settled. Every possible legal argument which could have been made in your case was thoroughly set forth in the original appeal. I do not believe that there are any further arguments that we could raise to persuade the court to reconsider or change its original decision.

The second possible course of action is a petition for review in the California Supreme Court. There are only three grounds on which the Supreme Court will grant review. They are (a) where it appears necessary to secure uniformity of decision or the settlement of important issues of law; (b) where the court of appeal was without jurisdiction over the case; or (c) where, because of disqualifications or other reasons, the decision of the court of appeal lacks the concurrence of the required majority of qualified judges.

I believe that some of the issues raised in the appeal might fall under the first category, and therefore might be worth seeking review in the Supreme Court. However, before taking things further it is important for you to consider whether you want me to proceed. Here are some things for you to consider.

**COPY**

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H030507 |
| Plaintiff and Respondent, | (Santa Clara County |
| | Super. Ct. No. CC44908) |
| v. | |
| SAMMY SULUFAIGA PEA, | |
| Defendant and Appellant. | |

Defendant Sammy Pea was convicted after jury trial of three counts of incest (Pen. Code, § 285),[1] and after court trial of one count of rape (§ 261, subd. (a)(2)). The court sentenced defendant to three years in state prison and imposed various fines and fees, including a $20 court security fee (§ 1465.8). On appeal, defendant contends that (1) the court committed prejudicial error in refusing to entertain his peremptory challenge, (2) his conviction for rape and for one count of incest are barred by the statute of limitations, (3) the court erred in refusing to allow impeachment of the victim with the contents of a letter written to her by a former boyfriend, (4) the evidence is insufficient to support the incest convictions, and (5) the imposition of the court security fee violates prohibitions

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

Court of Appeal, Sixth Appellate District - No. H030507
**S156929**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

SAMMY SULUFAIGA PEA, Defendant and Appellant.

The petition for review is denied without prejudice to any relief to which defendant might be entitled after this court decides *People v. Alford*, S142508.

SUPREME COURT
FILED

NOV 2 8 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
Chief Justice