IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY SULUFAIGA PEA, ) | |
| ) | |
| Petitioner, ) | No C 08-2808 VRW (PR) |
| ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| ) | |
| JOHN F SALAZAR, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner incarcerated at Chuckawalla Valley State Prison in Blythe, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging a judgment of conviction from the Superior Court of the State of California in and for the County of Santa Clara.

**BACKGROUND**

Petitioner was convicted after a jury trial of three counts of incest and after a court trial of one count of rape. On August 2, 2006, the court sentenced him to three years in state prison and imposed various fines and fees. Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, which denied review on November 28, 2007.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 USC § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id § 2243.

B.  Legal Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including insufficiency of the evidence, violation of his Miranda rights, denial of his right to impeach the victim and ineffective assistance of counsel.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v Idaho, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

Plaintiff's additional claims regarding the conditions of his confinement (ie, denial of visitation) and execution of his sentence (ie, parole eligibility) are dismissed without prejudice to raising them in the Central District of California, Eastern Division.  See 28 USC § 84(c)(1).

**CONCLUSION**

For the foregoing reasons,

1.  The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.08\Pea, S1.osc.wpd

3